UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| PATRICIA FRALIC,<br><br>    Plaintiff,<br><br> v.<br><br>HARTFORD LIFE AND ACCIDENT INSURANCE COMPANY; and AETNA LIFE INSURANCE COMPANY,<br><br>    Defendants. | CASE NO. 2:21-cv-01359-TL<br><br>ORDER |

  This matter comes before the Court on the Parties' Stipulated Motion to File the Administrative Record Under Seal (Dkt. No. 19) (the "Motion"). Having reviewed the relevant record and having found this matter suitable for decision without oral argument, *see* Fed. R. Civ. P. 78(b), the Court hereby GRANTS the Motion for the reasons explained below.

**I. BACKGROUND**

  Plaintiff brings this action under the Employee Retirement Income Security Act of 1974 ("ERISA"), and the Parties dispute Plaintiff's eligibility for long-term disability benefits under

ORDER - 1

an employee welfare benefit plan governed by ERISA. *See* Dkt. No. 19, at 2. The parties jointly move to file and maintain the administrative record under seal, asserting that there is good cause to seal the administrative record because it "contains highly sensitive medical information" that implicate Plaintiff's privacy interests, which outweigh the public's interest in accessing the files, and that the less restrictive alternative of redacting the administrative record, which span thousands of pages, would be too burdensome. *Id.*

## II.   DISCUSSION

There is a strong presumption of public access to court-filed documents. Local Civil Rule ("LCR") 5(g); *accord Kamakana v. City & Cnty. of Honolulu*, 447 F.3d 1172, 1178 (9th Cir. 2006). A party seeking to seal a document must show "compelling reasons" to seal records related to motions that are "more than tangentially related to the merits of a case" and show good cause for sealing other records. *See Ctr. for Auto Safety v. Chrysler Grp., LLC*, 809 F.3d 1092, 1099, 1101 (9th Cir. 2016); *see also Kamakana*, 447 F.3d at 1180 ("A 'good cause' showing will not, without more, satisfy a 'compelling reasons' test.").

Despite the Parties' invocation of the "good cause" standard, the "compelling reason" standard applies here, as the administrative record is "more than tangentially related to the merits of [this] case." *Ctr. for Auto Safety*, 809 F.3d at 1101. Indeed, Defendants believe that this case may be resolved on the administrative record alone. Dkt. No. 20, at 8 (Joint Status Report).

Nonetheless, the interest in protecting personal health information can serve as a compelling reason to seal records that outweighs the public interest in accessing these records. *See, e.g., Cont'l Med. Transp. LLC v. Health Care Serv. Corp.*, 2021 WL 2072524, at *4 (W.D. Wash. May 24, 2021) (permitting seal of administrative record containing sensitive personal health information in ERISA case), *on appeal on other grounds*. The Parties represent that the administrative record "is principally composed of . . . the sensitive medical records of Plaintiff

ORDER - 2

[and] discussion of such highly sensitive information in the context of [long-term disability] benefit determinations" by Defendants. Dkt. No. 19, at 3. Further, the Parties represent that the administrative record is "peppered throughout with numerous references to Plaintiff's social security number and date of birth," which would be difficult to redact from the voluminous record. *Id.*, at 2. Accordingly, the Court finds that the public interest here is outweighed by Plaintiff's privacy interests in protecting her medical and other personal information from public disclosure. Accordingly, the Parties' Motion is GRANTED.

### III.  CONCLUSION

For the foregoing reasons, the Court GRANTS the Parties' stipulated motion to file the administrative record under seal (Dkt. No. 19).

IT IS SO ORDERED.

Dated this 9th day of March 2022.

Tana Lin
United States District Judge